MARY A. STROM v. MAGNUS M. STROM.[1]

June 29, 1906.

Nos. 14,828—(185).

**Tort of Husband.**

    A married woman cannot, either before or after a divorce, maintain a
civil action against her husband for a personal tort committed by him
against her during coverture.

Appeal by plaintiff from an order of the district court for Lyon
county, Webber, J., overruling a demurrer to the answer.  Affirmed.
*Nye & Deutsch,* for appellant.
*John Lind* and *A. Ueland,* for respondent.

START, C. J.

This is an action to recover damages for personal injuries alleged to
have been received by the plaintiff by reason of an assault alleged to
have been committed upon her by the defendant on April 11, 1905.  The
answer denied the assault, and, as a second defense, alleged that at
the time of the alleged assault the plaintiff and the defendant were
husband and wife living together as such; and as a third defense it al-
leged a judgment dissolving the marriage of the parties at the suit of
the plaintiff on account of the alleged assault, and awarding to her per-
manent alimony in the sum of $5,100 which the defendant paid.  The
plaintiff demurred to the second· and third defenses on the ground
that the same do not state facts sufficient to constitute a defense.  The
trial court made its order overruling the demurrer from which the
plaintiff appealed.

The sole question for our decision is:  Can a wife maintain a civil
action against her husband for a personal tort committed by him against
her during coverture?  It is the contention of the plaintiff that she can
by virtue of G. S. 1894, § 5530, which reads as follows:

            That from and after the passage of this act, women shall re-
        tain the same legal existence and legal personality after marriage

[1] Reported in 107 N. W. 1047.

as before marriage, and shall receive the same protection of all her rights as a woman which her husband does, as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal, in her own name alone, to the courts of law or equity, for redress and protection that her husband has to appear in his name alone; provided, this act shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law.

This statute gives to a married woman the same right of action in her own name for any injuries sustained to her reputation, person, or property as her husband has in his own name to maintain an action for like injuries sustained by him, and no other or greater right. The purpose of the statute was to place the husband and wife on an equality as to actions by either for injuries to person, reputation or property. The husband cannot and never could bring an action against his wife for a personal tort committed by her against him during coverture. It follows that the statute does not authorize her to bring an action against him for a personal tort committed by him against her during coverture for her rights in this respect are expressly limited by the statute to the rights which the law gives to him. The statute authorizes a married woman to maintain an action in her own name against her husband or any one else for injuries to her property or to her person except that she cannot maintain a civil action against her husband for a personal tort committed by him against her during coverture. Nor can he maintain a similar action against her. The disabilities in this respect are mutual.

Counsel for plaintiff, however, urges that the right to maintain an action for a personal tort is a property right, hence it falls within the express terms of the statute. But as we have stated the right of a married woman to maintain an action against her husband for a personal tort is not given by the statute. There being no right of action in this respect it follows of necessity that there is no property right to protect. See Peters v. Peters, 42 Iowa, 182.

The demurrer was properly overruled.

Order affirmed.