## CHARLES L. DRAKE v. ALBERTHA DRAKE.[1]

### April 30, 1920.

### No. 21,706.

**Husband cannot maintain suit to restrain wife from commission of tort.**

    1. The husband cannot maintain against his wife an action in equity to restrain and enjoin the commission of acts towards him which amount to nothing more than a tort or series of torts.

**Rule applies to nagging.**

    2. The rule applies to acts and conduct on the part of the wife commonly known as nagging.

**Married Woman's act inapplicable — case followed.**

    3. The Married Woman's Act (G. S. 1913, § 7142), was not intended to vest in either husband or wife a right of action of that kind. Strom v. Strom, 98 Minn. 427, followed and applied.

Action in the district court for Hennepin county to restrain defendant from interfering with and annoying plaintiff in the lawful enjoy-

[1]Reported in 177 N. W. 624.

ment of his business and private affairs. Defendant's demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was sustained, Molyneaux, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*Eugene S. Bibb,* for appellant.

*Brady, Robertson & Bonner,* for respondent.

BROWN, C. J.

The parties in this action are husband and wife, though they have not lived together as such since November, 1918; plaintiff having separated from defendant because, as he claims, of her abusive conduct toward him. Her conduct in that respect, according to the allegations of the complaint, has been so oppressive, persistent and long continued, as to become injurious to plaintiff's health and comfort, and he seeks by this action to have her restrained by injunction from further acts and conduct of the kind.

The complaint alleges that since the year 1916 defendant has carried on a systematic campaign against plaintiff of cruel and inhuman treatment, by annoying and otherwise making life miserable for him; that she goes to his office and there in the presence of others charges him with being an immoral man, and heaps upon him all sorts of abuse by false and untrue accusations; that she has attempted to drive him into bankruptcy, and has practically ruined his health; that by false and untrue charges she has caused societies to which he belonged to cancel his membership therein; that when she meets him on the public streets she creates a scene by calling to him in a loud voice to attract the attention of passersby, causing plaintiff great annoyance and embarrassment; that she creates like scenes in the church to which plaintiff belongs; that on August 29, 1919, she employed private detectives to waylay and beat him up, which would have resulted seriously had not third persons interfered for his protection, and finally, that unless restrained defendant will continue like acts of misconduct to the annoyance, chagrin and irreparable injury of plaintiff.

A general demurrer was interposed to the complaint which was sustained and plaintiff appealed. The single question presented is whether under our statutes the husband may maintain a suit in equity against

the wife to restrain conduct of the character stated and charged in the complaint. We answer it in the negative.

The allegations of the complaint, somewhat indefinite in several respects, taken as a whole charge acts of misconduct on the part of defendant amounting to what is commonly known and understood as nagging, constituting in law nothing more than a series of personal torts, involving neither a breach of contract nor specific property right. The action then sounds in tort, and that it cannot be maintained seems settled by the decision in Strom v. Strom, 98 Minn. 427, 104 N. W. 1047, 6 L.R.A.(N.S.) 191, 116 Am. St. 387. That was a similar action, one for an alleged assault and battery committed by the hubsand on the wife, and was brought by the wife, and not by the husband as in the case at bar. The court, in disposing of the case, recognized and referred to the common-law disability of either spouse to maintain such an action against the other, and held that in the enactment of the so-called Married Woman's Act (G. S. 1913, § 7142), by which many of the common-law disabilities of the wife were removed, and she was placed upon an equality with the husband in respect to the management and control of her separate property, the legislature did not intend to abrogate the rule of the common law on the subject, by extending to the wife a right of action for a tort committed against her by the husband during coverture. In other words, that the rights and privileges granted by the statute had reference solely to the management, control and protection of her property rights. The rule applies equally to the husband; the statute vested in him no other or greater right than that which was thereby conferred upon the wife. No property is involved in this action, and in the Strom case a claim for damages for an assault and battery was held not a property right within the intent and purpose of the statute.

The authorities in other jurisdictions are not in harmony, though the statutory provisions upon the subject appear substantially the same in all. A majority in number of adjudicated cases apply the rule followed in this state. Thompson v. Thompson, 218 U. S. 611, 31 Sup. Ct. 111, 54 L. ed. 1180, 30 L.R.A.(N.S.) 1153, 21 Ann. Cas. 921; there was a dissenting opinion in that case by Mr. Justice Harlan, concurred in by two of his associates. Banfield v. Banfield, 117 Mich. 80, 75 N. W.

287, 40 L.R.A. 757, 72 Am. St. 550; Schultz v. Christopher, 65 Wash. 496, 118 Pac. 629, 38 L.R.A.(N.S.) 780; 13 R. C. L. 1395. The case of Peters v. Peters, 156 Cal. 32, 103 Pac. 219, 23 L.R.A.(N.S.) 699, was similar to that at bar, being one by the husband against the wife for assault and battery and the California supreme court, construing a statute substantially like that of this state, held that it could not be maintained. The contrary was held in Brown v. Brown, 88 Conn. 42, 89 Atl. 889, 52 L.R.A.(N.S.) 185, Ann. Cas. 1915D, 70, and Fiedler v. Fiedler, 42 Okla. 124, 140 Pac. 1022, 52 L.R.A.(N.S.) 189, though the statutes of those states, for all practical purposes, are the same as in the states where the right of action is denied.

We prefer the rule of the Strom case, and think it should be adhered to until such time as the legislature shall deem it wise and prudent to open up a field for marring or disturbing the tranquility of family relations, heretofore withheld as to actions of this kind, by dragging into court for judicial investigation at the suit of a peevish, fault-finding husband, or at the suit of the nagging, ill-tempered wife, matters of no serious moment, which if permitted to slumber in the home closet would silently be forgiven or forgotten. If that source of litigation is to be opened up at all it should come about by legislation. Neither husband nor wife is without an appropriate remedy in such matters, where of a character to be redressed by the courts; the divorce courts are open to them, when the facts will justify relief of that character, and when the misconduct complained of is of a nature to constitute a crime the criminal laws will furnish adequate protection. But the welfare of the home, the abiding place of domestic love and affection, the maintenance of which in all its sacredness, undisturbed by a public exposure of trivial family disagreements is so essential to society, demands and requires that no new grounds for its disturbance or disruption by judicial proceedings be engrafted on the law by rule of court not sanctioned or made necessary by express legislation.

Order affirmed.