NORBERT ESCHENBACH AND OTHERS v. A. C. BENJAMIN.[1]

November 8, 1935.

No. 30,543.

*Leach & Leach* and *Eriksson & Eriksson,* for appellants.
*Dell & Rosengren,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiffs are the wife and three minor children of one Erick Eschenbach, who is claimed to have suffered permanent and disabling injuries in an automobile accident occurring upon a public

[1]Reported in 263 N. W. 154.

highway in Otter Tail county, this state, on May 26, 1933. This appeal from an order sustaining a demurrer to their complaint presents the single question whether they, or whether any wife and children, have a cause of action of their own in addition to that of the injured husband and father.

The precise question here presented has never heretofore arisen in this jurisdiction. But many courts have passed upon the same, and these decisions should afford us sufficient guide to arrive at a proper result. Of course the general rule is that at common law neither wife nor children have a cause of action for an injury inflicted upon the husband and father, that right being strictly limited to the injured party. The general rule respecting the wife's right to sue in her own behalf in such cases is well stated in 13 R. C. L. p. 1444, § 493, thus:

"In the United States it is the better view that though a wife. is given the right to sue alone for injuries affecting her rights and though she has such a legal right in the so-called 'consortium' of her husband that she may have a right of action against a third person when such right is directly invaded, yet in the case of personal injury inflicted upon a husband by the negligent act of another, though such act indirectly results in the loss or impairment of her right of consortium, and the ability of her husband to support her, she cannot maintain an action therefor; the remedy for such a wrong is to be redressed solely by an action by the husband to recover his damages; and the wrong to a wife which may be redressed by her action for loss of consortium or support is restricted to those which have a direct tendency to deprive the wife of her right in this respect."

To the same effect is 30 C. J. p. 973 [§ 693] (3). It is there stated that with the single exception of North Carolina the rule announced and quoted above is followed. Note should be here made of the North Carolina case, Hipp v. Dupont, 182 N. C. 9, 108 S. E. 318, 18 A. L. R. 873, that while a wife is authorized to maintain an action for damages for negligent injury to her husband, her right of recovery is limited so that she can recover nothing for those

items that the husband himself could recover in his own cause, nor may she recover in the event of her husband's death for any loss which might be recovered by the deceased husband's personal representative. It seems to us that the case is of very limited value as the injured husband may recover all damages suffered by him in respect of nursing and medical attention, as well as loss of earning capacity, and for his pain and suffering. The cases bearing upon this subject are adequately noted in 30 C. J. p. 973; also the notes in 13 R. C. L. p. 1444, under § 493, *supra*.

Plaintiffs argue that as a wife may recover damages for alienation of her husband's affections she should be able also to recover here. But the distinction between such cases and this is that in an alienation case the injury is directly suffered by her. In such circumstance the husband could, of course, not recover any damages for his own wrong; hence the wrongdoer would not be subjected to double damages. Were we to sustain plaintiffs' contentions it is obvious that each minor child would have a distinct and separate cause of action. In the instant case, instead of having one cause by the husband alone, there would also be a cause of action by the wife and one for each minor child. If this rule were to be extended as plaintiffs would have us do, then, carried to its logical conclusion, there would, in many accident cases, be litigation almost without end, all based upon a single tort and only one individual physically involved in the accident itself.

Plaintiffs also argue, by way of analogy, that as a husband may recover consequential damages for injuries suffered by the wife the rule should be reciprocal so that the wife should also be able to recover such damages where the husband has been injured. At first blush the argument appears sound, but if analyzed wholly fails. The husband is the provider for the family. He is legally bound to support his wife and provide her with all that his station in life reasonably requires. We have criminal statutes (2 Mason Minn. St. 1927, § 10136; 5 Dunnell, Minn. Dig. [2 ed. & Supps. 1932, 1934] § 7305b) which go so far as to require imprisonment of the husband and father if he wilfully fails to provide for his wife and minor children. The wife's cause against the negligent defendant

cannot include damages respecting her duties to her husband. True, she may recover for all injuries directly suffered by her. But unless she has actually incurred or paid medical and hospital bills and the like she cannot recover the same in her action for damages because these charges are against the husband, and he must meet the same. Belyea v. M. St. P. & S. S. M. Ry. Co. 61 Minn. 224, 63 N. W. 627; Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 A. S. R. 733. In no, case, as far as we are informed, has a husband been permitted to recover any damages for the items going into the wife's right of recovery. Note also should be made that the wife does not owe her husband the duty of support. See Peterson v. Pete-Erickson Co. 186 Minn. 583, 244 N. W. 68. As the learned trial judge in his memorandum sustaining the demurrer so aptly pointed out:

"The cause of action which accrued on account of such negligence of the defendant accrued in favor of the husband and the father. In the event that the husband and father should bring an action to recover for such injuries and recover compensation such compensation would be in full for all injuries and damages he sustained through such negligence of the defendant. The wife or children cannot maintain an action for such injuries."

We are not persuaded that our constitution, art. 1, § 8, or the so-called married woman's act, 2 Mason Minn. St. 1927, §§ 8616 to 8623, has abrogated the common law rule in cases of this nature. This court has heretofore determined that a wife may not sue her husband for personal tort committed by him against her, and we have also held that a minor child may not sue his parent in damages for personal tort. "A wife may sue her husband in her own name in any form of action to enforce any right affecting her property. If justifiably living apart, she may sue him for separate support. She cannot either before or after divorce sue him for a personal tort committed by him against her during coverture." 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 4288, 4288a, and cases cited under notes. See also Willott v. Willott, 333 Mo. 896, 62 S. W. (2d) 1084, 89 A. L. R. 114, and authorities annotated

pp. 118 to 126, inclusive, where the cases *pro* and *con* are cited. Nor may a husband sue his wife for personal tort. And he cannot maintain an equitable suit against her to restrain or enjoin her from the commission of acts which amount to nothing more than a tort or a series of torts. The married woman's act was not intended to vest in either husband or wife a right of action of that kind. 3 Dunnell, Minn. Dig. (2 ed.) § 4288b; Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A.(N.S.) 191, 116 A. S. R. 387; and in Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 625, 9 A. L. R. 1064, the court, after reviewing the cases, came to the conclusion that the rule in the Strom case should be adhered to. The court said, 145 Minn. 391:

"We prefer the rule of the Strom case, and think it should be adhered to until such time as the legislature shall deem it wise and prudent to open up a field for marring or disturbing the tranquility of family relations," and concluded that such proceedings should not "be engrafted on the law by rule of court not sanctioned or made necessary by express legislation."

Neither may husband and wife have separate actions for damages to property owned only by one of them. 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 4288a; Millett v. Minnesota C. S. Co. 145 Minn. 475, 177 N. W. 641. On motion for reargument in the Millett case this court adopted the rule laid down in U. S. Smelting Co. v. Sisam, 112 C. C. A. 37, 191 F. 293, 37 L.R.A.(N.S.) 976, (145 Minn. 481) "that the owner of a residence which is rendered inconvenient, uncomfortable and unhealthy, as a home, by a nuisance, may prove and recover the damages he suffers himself from the discomfort and sickness thereby inflicted upon his wife and other members of his family who live with him in his residence, although he may not, and they alone may, maintain the cause of action for the direct personal injury to themselves." So it is quite obvious that this court is firmly committed to the view that the cause must be founded upon *"the direct personal injury to"* the one bringing the action.

A minor may not sue his parent for tort unless emancipated. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7308; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678. See also annotations 31 A. L. R. 1157. The following cases have a bearing upon this phase: Smith v. Nicholas Bldg. Co. 93 Ohio St. 101, 112 N. E. 204, L. R. A. 1916E, 700, Ann. Cas. 1918D, 206; Feneff v. New York C. & H. R. R. Co. 203 Mass. 278, 89 N. E. 436, 24 L.R.A.(N.S.) 1024, 133 A. S. R. 291; Goldman v. Cohen, 30 Misc. 336, 63 N. Y. S. 459; Boden v. Del-Mar Garage, Inc. 205 Ind. 59, 185 N. E. 860. Where a minor child has suffered damages by reason of another's negligence, the respective rights invaded and remedies applicable thereto are adequately discussed in 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 7300 to 7305a and b, inclusive, and notes; 46 C. J. p. 1281 [§ 79].

In view of our prior decisions and the practically unanimous opinion of courts everywhere, we think plaintiffs have no cause of action and that the trial court correctly disposed of the matter.

Affirmed.