## GRACE MEYERS PATENAUDE v. JOSEPH A. PATENAUDE.[1]

November 29, 1935.

No. 30,712.

W. E. Rowe and Alexander Fosmark, for appellant.
Orr, Stark & Kidder, for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from a judgment in favor of the defendant.

Plaintiff sued to recover damages for personal injuries suffered by her, claimed to have been caused by negligence on the part of

[1]Reported in 263 N. W. 546.

the defendant in operating an automobile on a public highway. The accident causing the injury happened on August 7, 1934. Plaintiff and defendant were married on January 17, 1935, and since then have been and now are husband and wife. This action was thereafter commenced. These facts appeared by the pleadings and record, and the court, on motion of defendant, granted judgment in defendant's favor on the pleadings.

1. The single question here presented for review is whether the wife can, during coverture, bring an action against her husband for a tort committed against her person prior to her marriage to him. It is well settled that she could not do so under the common law. Plaintiff bases her right to sue on our statute, 2 Mason Minn. St. 1927, § 8616, reading as follows:

"Women shall retain the same legal existence and legal personality after marriage as before, and every married woman shall receive the same protection of all her rights as a woman which her husband does as a man, including the right to appeal to the courts in her own name alone for protection or redress; but this section shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law."

The exact question has not heretofore been directly decided by this court, and we are asked to construe the statute as applied to the particular facts in this case. It is well settled by our prior decisions that a wife cannot maintain an action against her husband, nor a husband against his wife, for a tort committed by one against the person of the other during coverture. Such a suit cannot be maintained even after the parties have been divorced. Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A.(N.S.) 191, 116 A. S. R. 387; Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064; Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022; State v. Arnold, 182 Minn. 313, 235 N. W. 373. That being the law in this state, can the wife, during coverture, maintain a suit against her husband for a tort committed by him against her person prior to their marriage? We answer the question in the negative. In Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111,

112, 54 L. ed. 1180, 30 L.R.A.(N.S.) 1153, 21 Ann. Cas. 921, the wife sued her husband for damages for assaults committed by him upon her during coverture. The precise question before us here was not involved. But some of the reasonings of the court in holding the wife could not maintain the suit are pertinent. The court points out that to permit such suits would open the doors of the courts to accusations of all sorts of one spouse against the other and bring into public notice complaints for assault, slander, and libel and other torts by one against the other. The opinion further states [218 U. S. 618]:

"It must be presumed that the legislators who enacted this statute were familiar with the long-established policy of the common law, and were not unmindful of the radical changes in the policy of centuries which such legislation as is here suggested would bring about. Conceding it to be within the power of the legislature to make this alteration in the law, if it saw fit to do so, nevertheless such radical and far-reaching changes should only be wrought by language so clear and plain as to be unmistakable evidence of the legislative intention. Had it been the legislative purpose not only to permit the wife to bring suits free from her husband's participation and control, but to bring actions against him also for injuries to person or property as though they were strangers, thus emphasizing and publishing differences which otherwise might not be serious, it would have been easy to have expressed that intent in terms of irresistible clearness."

In Drake v. Drake, 145 Minn. 388, 391, 177 N. W. 624, 625, 9 A. L. R. 1064, this court said:

"But the welfare of the home, the abiding place of domestic love and affection, the maintenance of which in all its sacredness, undisturbed by a public exposure of trivial family disagreements is so essential to society, demands and requires that no new grounds for its disturbance or disruption by judicial proceedings be engrafted on the law by rule of court not sanctioned or made necessary by express legislation."

Quite generally, one of the reasons why a husband or wife cannot bring suit for a personal tort against the other, during coverture at least, is that so to do would disturb and tend to disrupt the marriage and family relations, which it is the public policy of the state to protect and maintain inviolable.

Under the common law neither the husband nor the wife could bring suit for negligence or other tort by one against the other, whether such wrong was committed before or during coverture. We have held, as shown by the cases hereinbefore cited, that our statute, § 8616, did not so modify or change the common law as to permit such a suit for any tort by one spouse against the other where the wrong was committed during coverture. Now to hold that the statute intended to modify the common law to the extent of permitting such suits, where the wrong was committed before marriage and suit was brought after the marriage, would be illogical. There is nothing in the statute to indicate any such legislative intent and no language that can be construed to show that such a partial modification of the common law as to suits for torts by one spouse against the other was intended or made. If the statute modified the common law as to such suits, it changed that law as to all such suits, whether the wrong was committed before or after the marriage of the parties. It either removed all restrictions on such suits by one spouse against the other for such torts or else it removed none of the restrictions. And, having held that the statute did not change the common law as to such torts committed during coverture, we cannot now say that it did change the common law in the respect here claimed without overruling our prior decisions hereinbefore noted. No good reason for so doing is shown. Eschenbach v. Benjamin, 195 Minn. 378, 263 N. W. 154.

Other courts have passed upon the question before us and have held that, under married women's acts of other states, the wife could not maintain an action for negligence or other tort directly against her husband, whether the tort was committed before or after the marriage. Spector v. Weisman, 59 App. D. C. 280, 40 F. (2d) 792; Newton v. Weber, 119 Misc. 240, 196 N. Y. S. 113; Kujek v. Goldman, 9 Misc. 34, 29 N. Y. S. 294; Raines v. Mercer,

165 Tenn. 415, 55 S. W. (2d) 263; Webster v. Snyder, 103 Fla. 1131, 138 So. 755; Henneger v. Lomas, 145 Ind. 287, 44 N. E. 462, 32 L. R. A. 848; Gottliffe v. Edelston, [1930] 2 K. B. 378.

In a number of states, under statutes somewhat similar to ours in a few cases, the courts have held that the wife may bring an action against her husband for damages for negligence or other tort against her. These states are in the minority, however, and the courts of the greater majority of the states hold to the contrary. In no case called to our attention has the court held that, where the wife could not maintain action for a tort committed against her by the husband during coverture, she could after marriage sue for negligence or tort committed against her before marriage. In other words, the courts have uniformly held, as far as we are aware, that the statute either changed the rule of the common law in this respect in its entirety so that such suits could be maintained whether the tort against the wife was committed before or after marriage, or else there was no change and the suits could not be maintained.

As to property rights, § 8617 of our statutes makes specific provisions.

2. Plaintiff alleges that she commenced a prior suit against defendant before their marriage and was induced by fraudulent representations and conduct of a representative of an insurance company carrying automobile accident insurance for defendant to dismiss her action. We see no ground for estoppel or other relief in the present action in that regard. Under the authorities, even if that action had not been dismissed, it could not be maintained after the parties were married. The insurer is not a party to the present action in any event.

The judgment appealed from is affirmed.