RAYMOND L. SHUMWAY, TRUSTEE FOR HEIRS OF LORRAINE ELIZABETH SHUMWAY ADSERO, v. E. O. NELSON, SPECIAL ADMINISTRATOR OF ESTATE OF MARSHALL K. ADSERO.

107 N. W. (2d) 531.

January 27, 1961—No. 37,918.

*Carroll, Thorson, Anderson & Cronan, Herbert C. Davis,* and *Nilles, Oehlert & Nilles,* for appellant.

*Norman H. Nelson,* for respondent.

DELL, CHIEF JUSTICE.

This is an action to recover damages for death by wrongful act. Defendant appeals from an order denying his motion for judgment on the pleadings or, in the alternative, for summary judgment.

On November 1, 1958, Mr. and Mrs. Marshall K. Adsero were both killed when the automobile in which they were riding struck a bridge abutment on Highway No. 10 near Glyndon, Minnesota. This action was brought under Minn. St. 573.02 for the death of Mrs. Adsero, allegedly caused by the negligence of her husband as driver of the car. The sole heir of the decedents is a minor daughter who, at the time of the accident, was approximately 3 months old.

The defendant's motion was made on the ground that the rule of law precluding tort actions between spouses, and also between a minor child and parent, operates as a bar in the instant case. In denying

the motion the court certified the question raised as important and doubtful.[1]

■ At common law a wife could not maintain an action to recover damages against her husband for injuries received as a result of his tortious conduct because of the then prevailing concept of the legal identity of husband and wife. In the majority of jurisdictions this rule still prevails,[2] being justified on the ground that it promotes marital harmony.[3] In some jurisdictions the rule has been abrogated either by statute[4] or by particular construction placed upon the so-called married women's acts.[5]

Minnesota has, for many years, followed the majority view,[6] although recognizing in more recent decisions that the rationale of the common-law rule is no longer persuasive.[7] We have frequently suggested that any change in the doctrine of marital immunity is properly a legislative rather than a judicial function.[8]

Plaintiff contends, however, that the doctrine of marital immunity

---

[1]Orders so certified are appealable. House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874.

[2]See cases collected in 4 Personal Injury, Actions-Defenses-Damages, Husband and Wife, § 5.01, note 1; Annotation, 43 A. L. R. (2d) 632.

[3]For example, in Drake v. Drake, 145 Minn. 388, 391, 177 N. W. 624, 625, 9 A. L. R. 1064, 1066, the court noted that the home is "the abiding place of domestic love and affection" and should be "undisturbed by a public exposure of trivial family disagreements."

[4]See, e. g., New York Domestic Relations Law, § 57.

[5]See, Annotation, 43 A. L. R. (2d) 632, 664, et seq. It was early held in Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A. (N.S.) 191, 116 A. S. R. 387, that the Minnesota Married Women's Act (Minn. St. 519.01) did not authorize tort actions between spouses.

[6]Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847; Kyle v. Kyle, 210 Minn. 204, 297 N. W. 744; Patenaude v. Patenaude, 195 Minn. 523, 263 N. W. 546; Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064; Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A. (N.S.) 191, 116 A. S. R. 387.

[7]E. g., Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471; Miller v. Monsen, 228 Minn. 400, 37 N. W. (2d) 543.

[8]See, e. g., Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478.

has no application to an action brought by a trustee to recover damages under the death-by-wrongful-act statute. His claim is that this statute creates a new cause of action and the trustee is consequently free of any personal disability which might have barred the decedent spouse from maintaining the action during her lifetime. The question is one of first impression in this court.

Our death-by-wrongful-act statute provides (Minn. St. 573.02, subd. 1):

"When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 2 may maintain an action therefor *if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission.* * * *" (Italics supplied.)

Defendant argues that if the plaintiff's decedent could not have brought the action in her lifetime, the conditional clause of the statute likewise prohibits the trustee from maintaining the action. We cannot agree that such a narrow construction is consistent with the legislative intent. The statute is remedial in character and thus requires a liberal construction.[9]

Actions brought under § 573.02 are distinguishable from causes of action which are said to survive the decedent.[10] This statute creates an entirely new cause of action for the purpose of compensating the next of kin who have suffered pecuniary loss by reason of the death of the decedent.[11] It is not brought for the benefit of the decedent. It therefore follows that any personal immunities which might have existed between plaintiff's decedent and defendant's decedent solely by reason of their marital relationship should not logically be included within the scope of the language of the conditional clause referred to. In other words, this clause refers to the facts and circumstances giving rise to the cause of action, as well as any facts or circumstances per-

---

[9]Bolinger v. St. Paul & D. R. Co. 36 Minn. 418, 31 N. W. 856.

[10]Cashman v. Hedberg, 215 Minn. 463, 10 N. W. (2d) 388; Keiper v. Anderson, 138 Minn. 392, 165 N. W. 237, L. R. A. 1918C, 299.

[11]Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471; Cashman v. Hedberg, 215 Minn. 463, 10 N. W. (2d) 388.

taining to any permissible defenses such as contributory negligence, rather than to the person by whom the action could be maintained.[12]

This conclusion is strengthened by the fact that upon the death of one spouse the rationale of the marital-immunity doctrine loses whatever force it might otherwise have had. Where the marriage has been terminated by death any danger of domestic discord arising from the enforcement of the action has, likewise, terminated. We do not believe that we should ascribe to the legislature an intent to extend the intrafamily immunity doctrine to situations where its existence is without any reasonable justification.

In its brief the defendant has thoroughly analyzed authorities in other jurisdictions which have reached conflicting results on the question here presented. However, because of the particular language of our death-by-wrongful-act statute and the construction placed upon it, they are of but limited assistance.[13]

For the reasons stated we are of the opinion that the right of the trustee to maintain an action under our death-by-wrongful-act statute for the benefit of the next of kin is not defeated by any personal immunity which might have precluded the decedent wife from maintaining an action against her husband.

■ The rule that an unemancipated minor child may not maintain an action against his parents for damages on account of their negligence has also been judicially established in this state.[14] Defendant argues that in the instant case the minor child, being the sole beneficiary, is

---

[12]Breed v. Atlanta, B. & C. R. Co. 241 Ala. 640, 4 So. (2d) 315; Whitford v. Panama R. Co. 23 N. Y. 465, 470, construing similar language; Beck v. Groe, 245 Minn. 28, 35, 70 N. W. (2d) 886, 892, 52 A. L. R. (2d) 875; Keiper v. Anderson, 138 Minn. 392, 401, 165 N. W. 237, 239, L. R. A. 1918C, 299, 303; Judson v. G. N. Ry. Co. 63 Minn. 248, 65 N. W. 447; 5 Dunnell, Dig. (3 ed.) § 2616.

[13]For the trend of modern authorities, including many law review articles on this subject, see Hastings v. Hastings, 33 N. J. 247, 163 A. (2d) 147 (dissent); Brennecke v. Kilpatrick (Mo.) 336 S. W. (2d) 68; Johnson v. Peoples First Nat. Bank & Trust Co. 394 Pa. 116, 145 A. (2d) 716; 32 Minn. L. Rev. 262.

[14]Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1. The origin of this rule is discussed in Prosser, Torts (2 ed.) § 101, p. 675.

the real party in interest and the above rule acts as a bar to the action brought on her behalf against her father's estate. In Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471, an action was brought on behalf of a wife for the death of their adult daughter allegedly caused by the husband's negligence. We there rejected the argument that the action was, in fact, one between husband and wife, holding that the relationship of the beneficiary to the defendant in death-by-wrongful-act actions is immaterial. The same rule would, of course, apply if the beneficiary was a minor child. In view of the substantial and growing modern authority repudiating the doctrine of intrafamily immunity even in direct suits,[15] we can find no justification for overruling the Albrecht case.

Our decision herein is necessarily limited to actions brought under the death-by-wrongful-act statute and is not intended to resolve the question of whether a surviving spouse may maintain an action herself[16] against the estate of a decedent spouse for his alleged negligence.

The order appealed from is affirmed.

---

[15]See, Prosser, Torts (2 ed.) § 101; see footnote 13, *supra*.

[16]See Johnson v. Peoples First Nat. Bank & Trust Co. 394 Pa. 116, 145 A. (2d) 716, holding that the marital-immunity doctrine does not apply even in actions provided for under survival statutes as distinguished from death-by-wrongful-act statutes.