WILLIAM J. NELSON, TRUSTEE FOR SURVIVING SPOUSE AND NEXT OF KIN OF MAE L. NELSON, v. HOME DECORATING COMPANY AND ANOTHER.
WILLIAM J. NELSON, THIRD-PARTY DEFENDANT.

109 N. W. (2d) 154.

April 28, 1961—No. 38,112.

*Stringer, Donnelly & Sharood* and *Richard A. Rohleder,* for appellant.

*Diessner, McEachron, Wurst, Bundlie & Carroll,* for respondents.

DELL, CHIEF JUSTICE.

This is an action to recover damages for death by wrongful act. On June 29, 1959, the decedent, Mae L. Nelson, was riding in an automobile owned and driven by her husband, William J. Nelson. The automobile collided with one owned by the defendant Home Decorating Company, and driven by the defendant Robert G. Tyson. As a result of the collision Mrs. Nelson sustained injuries from which she died. She was survived by her husband and two adult sons.

Action was commenced by William J. Nelson as trustee for the surviving spouse and next of kin of the decedent. The defendants thereupon joined Nelson individually as a third-party defendant, alleging negligence on his part, and seeking contribution or indemnity from him. Third-party defendant, pursuant to Rule 56 of the Rules of Civil Procedure, moved for summary judgment dismissing the third-party action. This motion was denied but the court certified that the question of law presented by the motion was important and doubtful and this appeal from the order denying the motion followed.

Although the third-party action here involved is one for contribution or indemnification, the parties agree that the primary issue is whether the statutory trustee can maintain an action against the third-

party defendant to recover damages under Minn. St. 573.02. If the trustee cannot maintain such an action, then the defendants have no right to obtain contribution or indemnity.[1] Counsel for third-party defendant contends that since the doctrine of marital immunity would have precluded an action by the decedent against him if she had survived, the statutory trustee is likewise precluded from maintaining the action.[2] This precise issue was before us in Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531. We there held that the marital-immunity doctrine does not apply in an action for death by wrongful act brought by a trustee under Minn. St. 573.02 to recover damages suffered by a decedent's next of kin and caused by the negligence of the decedent's spouse. That case is controlling here.

The order appealed from is affirmed.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847.

[2] Minn. St. 573.02, subd. 1, provides in part: "When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 2 may maintain an action therefor *if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission.*" (Italics supplied.)