FRANKLIN A. BARILE v. DEANNA R. ANDERSON.

203 N. W. 2d 366.

December 29, 1972—No. 43145.

*Starr & Matykiewicz* and *Richard L. Matykiewicz,* for appellant.

*Murnane, Murnane, Battis & Conlin* and *E. W. Murnane,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ. Considered and decided on the record by the court en banc.

TODD, JUSTICE.

Plaintiff appeals from summary judgment entered in favor of defendant, his present wife, whose alleged negligence caused him injuries prior to their marriage. The issue presented is whether interspousal immunity should be applied where the cause of action arose prior to our decision in Beaudette v. Frana, 285 Minn. 366, 173 N. W. 2d 416 (1969), abolishing interspousal immunity in actions for tort prospectively only, but the parties were married and the lawsuit was commenced after the date of said decision. We hold that such immunity is inapplicable, and, accordingly, we reverse.

On September 6, 1968, plaintiff was severely injured in a one-car accident on Interstate Highway No. 35W at or near Crystal Lake Road in the city of Burnsville, Dakota County, Minnesota. Plaintiff alleges that the accident was caused by the negligence of the defendant.

The chronology of events is as follows: The cause of action arose at the time of the accident, September 6, 1968. This court entered its decision in Beaudette v. Frana, *supra,* on December 19, 1969. On July 4, 1970, plaintiff and defendant were married, and plaintiff commenced this action on November 11, 1970.

Finding the law of Beaudette v. Frana, *supra,* inapplicable because of its prospective application, the trial court held that the rule of Koenigs v. Travis, 246 Minn. 466, 75 N. W. 2d 478 (1956), disallowing such suits, applied. Since interspousal immunity was the rule of law in effect at the time of the accident, defendant's motion for summary judgment was granted.

In Koenigs, we quoted the following language from Drake v. Drake, 145 Minn. 388, 391, 177 N. W. 624, 625, 9 A. L. R. 1064, 1066 (1920), with approval (246 Minn. 470, 75 N. W. 2d 482):

"* * * But the welfare of the home, the abiding place of domestic love and affection, the maintenance of which in all its sacredness, undisturbed by a public exposure of trivial family disagreements is so essential to society, demands and requires that no new grounds for its disturbance or disruption by judicial proceedings be engrafted on the law by rule of court *not sanctioned or made necessary by express legislation.*"

Thus, it clearly appears that the foundation of our case law prior to Beaudette was the public policy of avoiding marital strife caused by litigation between the parties. The Koenigs decision reiterated that this policy extended to suits commenced by one spouse against the other, even though the cause of action arose prior to their marriage.

The effect of the Beaudette case was to remove the foundation of this public policy as supporting authority for our decisions. The dissenting opinion in Beaudette clearly demonstrates this. It states (285 Minn. 373, 173 N. W. 2d 420):

"Litigation by one spouse against another where recovery depends on proof of fault has always been considered contrary to the public policy of the state."

The relationship of the parties must be determined at the time of the commencement of the action. Reese v. Henke, 286 Minn. 145, 174 N. W. 2d 690 (1970). On November 11, 1970, when this action was commenced, the parties were husband and wife. The accident giving rise to the action had occurred prior to our Beaudette decision which was to be applied prospectively. No public policy existed at the time of the commencement of the suit which prohibited an action between the spouses, who were married subsequent to our Beaudette decision.

We hold that the prospective ruling of the Beaudette decision rejecting the defense of interspousal immunity applies to the particular facts of this case, and accordingly plaintiff should be allowed to have the matter tried on its merits.

The summary judgment entered for the defendant is herewith vacated and the matter remanded to the trial court for a trial on the merits.

Reversed and remanded.