CHARLES H. GREEN, adm'r &c. *vs.* THE HUDSON RIVER RAIL ROAD COMPANY.

In an action under the acts of 1847 and 1849, to recover damages for a death caused by the wrongful act, neglect or default of the defendant, notwithstanding the discretion vested in the jury, by the statute, it is the province of the court to give them definite instructions as to what may or may not be taken into consideration in estimating the pecuniary loss; and if explicit instructions are refused, when asked for, it will be cause for a new trial

In such an action, brought by a husband, as administrator of his deceased wife, to recover damages for her death, loss of service is a proper item of damages; and it is not erroneous for the judge to charge the jury that they may take into consideration the fact that the deceased was an educated and amiable woman.

The legislature has restricted the damages to a compensation for the pecuniary loss — a loss which may be estimated in money. Hence, damages resulting from the loss of the society of the wife are to be excluded from the consideration of the jury

It is not an action sounding in damages, in which the jury exercise a discretion, and may give a *solatium* in respect to the mental suffering of the party, or a compensation for the loss of *consortium,* as in an action for criminal conversation.

Where the judge charged the jury that pecuniary damages, alone, could be recovered by the husband, suing as administrator, and that loss of service and society was to be taken into the account, as a part of the damages; and the defendant took a single exception to the whole sentence; *Held,* on a case, that the exception was proper; but that if it were otherwise, it being evident that the jury might have been misled by the remark of the judge, a new trial should be granted.

It is erroneous to charge the jury in such an action, that they are not bound to estimate the damages with " precision and nicety.'

Where, in an action against a rail road company, to recover damages for caus-
ing the death of the plaintiff's intestate, the negligence of the defendant,
and the death of the intestate from such negligence, are admitted by the
answer, it is erroneous to admit evidence of what the president of the com-
pany said, about settling the claim; inasmuch as the only effect of such evi-
dence would be to prejudice the jury against the defendant, by showing an
unconscionable defense, or harsh and oppressive treatment of the plaintiff;
neither of which could legitimately influence the amount of the recovery.

THE plaintiff sued as administrator of his wife, to recover
the pecuniary damage sustained by her "next of kin"
by reason of her death, caused by the negligence of the de-
fendants. The cause was tried at the Oneida circuit, before
MULLIN, J. and a jury, in June, 1859. The killing of the in-
testate by the negligence of the defendants was admitted by
the answer. It was conceded, upon the trial, that the defend-
ants had paid to the plaintiff the value of the clothing &c. of
the wife, and also the expenses incurred by the plaintiff in and
about her care and burial, and no claim was made upon the
trial for such damages and expenses. The deceased left no
children. It appeared, on the trial, that her mother, an aged
lady and incapable of supporting herself by labor and desti-
tute of property, had for many years resided in the plaintiff's
family, that the deceased was very much devoted to her, and
that the mother still lived with the plaintiff. This evidence was
objected to by the defendant and admitted by the court. In
the progress of the trial the plaintiff proposed to prove an in-
terview between the attorney for the plaintiff and the presi-
dent of the defendants, and "what the president said in refer-
ence to settling with the plaintiff." This was objected to as
incompetent and immaterial, and admitted by the court, and
the witness testified "that Mr. Sloan, the defendants' presi-
dent, refused to settle, and said the company had made up its
mind not to pay any thing." Exception was taken to the
ruling of the court, and the admission of the evidence objected
to. The judge charged the jury that the action could be main-
tained, and to this the defendants excepted. He also charged
them that the question for them to determine was, what pe-

Green *v.* Hudson River Rail Road Company.

cuniary damages the plaintiff had sustained by reason of the death of his wife, and they were not to consider what damages the mother of the deceased had sustained. He further charged "that the pecuniary damage the husband had sustained was a matter wholly for them to determine, in view of all the circumstances of the case, taking into consideration the loss of the services and society of the deceased, and the fact that she was an educated and amiable woman." To this part of the charge the defendant excepted. He further charged "that the jury were to give the pecuniary damages which the plaintiff had fairly sustained. They were not at liberty to estimate the damages extravagantly; nor were they to increase the damages because the defendant was a corporation; nor to take into consideration the degree of negligence of which the defendant had been guilty, to augment the damages; nor were they at liberty to give any damages by way of punishment of the defendant, or to increase them because the defendant refused to pay damages, when called upon in behalf of the plaintiff; on the other hand they were not bound to estimate the damages with precision and nicety." To this part of the charge the defendants also excepted. The jury were also charged that "they were at liberty to estimate the damages with liberality, but they were to give nothing but such pecuniary damages as in their judgment the plaintiff had sustained, upon the evidence." The jury found a verdict for the plaintiff for $2000, and from the judgment entered thereon the defendant appealed.

*F. Kernan,* for the appellant.

*C. H. Doolittle,* for the respondent.

ALLEN, J. This court having decided, upon a demurrer, that the action is maintainable, the judgment then given is decisive of the same question renewed upon the trial of the issue of fact. I dissented from the decision of the demurrer,

for reasons which appeared to me entitled to weight, but which failed to convince my brethren ; and while I yield to the authority of the decision, I am constrained to withhold my assent from it as a sound exposition of the law. The statute authorizes an action to be brought when death is caused by the wrongful act, neglect or default of another, " for the benefit of the widow or next of kin of such deceased person," and authorizes the jury to give damages " with reference to the pecuniary injuries resulting from such death to the wife or next of kin." (*Laws of* 1847, *p.* 575. *Laws of* 1849, *p.* 388.) In the English statute of 9*th and* 10*th Vict. c.* 93, upon the same subject, " the wife, husband, parent or child" of the person whose death is complained of, are the persons named, and for whose benefit the action may be brought. In our statute it is the " wife and next of kin." The husband is not named, and it is some evidence that " next of kin" was used in its legitimate and proper sense that the wife is especially named. The legislature evidently had not the vague idea that " next of kin" included every one who could, by reason of mere relation to the deceased, share in his estate. All the cases agree that to maintain the action, there must be either a wife or next of kin to the deceased who have sustained a pecuniary loss by the death. There is certainly no widow in this case, who can be benefited by the money, and the husband is in no sense of the word " next of kin" to the wife. The term is used to signify the relations of a party who has died intestate. No one, ordinarily and without something to indicate a different intent, comes within this term who is not included in the provisions of the statute of distributions. (*Bouvier's Law Dic. h. t. Hinckley* v. *Maclaren,* 1 *M. & K.* 27. *Leigh* v. *Leigh,* 15 *Vesey,* 92. *Garrick* v. *Lord Camden,* 14 *id.* 372.) If the husband could have been entitled as " the next of kin" the wife need not and would not have been especially named. She is provided for in the statute of distributions with the next of kin, and there was less reason for naming her

than for naming the husband, if both were intended to be brought within the terms of the act.

It is somewhat significant that the pleader, by whom the complaint was prepared, did not count the plaintiff among the next of kin and thus within the provisions of the act. After the statement of the cause of action, he says, "whereby and by reason of the premises said Charles H. Green, the husband of the said Eliza, said Margaret Ford, the mother of the said Eliza and the next of kin of the said Eliza, suffered great damage and pecuniary damage to the amount of $5000 and upwards." (*And see Lynch* v. *Davis,* 12 *How.* 323.) But the judgment of the court upon the demurrer is the law of the case, and the judge at the trial properly ruled that the action lay.

The general tenor of the charge was right, assuming that the action could be maintained, so far as it restricted the right of recovery to the pecuniary loss of the plaintiff; but exceptions were taken to specific portions of the charge, as authorizing the jury, in assessing the damages, to take into consideration circumstances and losses which did not and could not enter into an estimate of the pecuniary damages.

The jury were made the judges of the measure of damages, and the only restriction is in the statute giving the action, which limits the recovery to $5000, and defines the nature of the damages to be allowed. "The jury may give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person." (*Laws of* 1849, *ch.* 256, § 1.) Notwithstanding the discretion vested in the jury, it is the province of the court to give them definite instructions as to what may or may not properly be taken into consideration in estimating the pecuniary loss; and if explicit instructions are refused when asked to be given, or erroneous instructions given, it will be cause for a new trial. (*Blake* v. *Midland Railway Company,* 18 *Adol. & E. N. S.* 93.) That the action is of recent

origin, and the act by which it is given, if not somewhat ob-
scure in its terms, at least is difficult of construction, furnishes
a good reason why instructions should be very carefully guard-
ed; and courts should see that the jury have not either been
misguided or left with uncertain and doubtful directions.
After having directed the jury that the defendants were liable
only for pecuniary damages, to the plaintiff, the judge referred
to the circumstances to be considered by them in the assess-
ment of such damages. He told them, in substance, that the
pecuniary damages were to be determined in view of all the
circumstances of the case, taking into consideration the loss
of the services and society of the deceased, and the fact
that she was an educated and amiable woman. This was
but the statement of two distinct propositions : 1st. That pe-
cuniary damages alone could be recovered ; and 2d. That loss
of service and society was to be taken into the account as a
part of the damages. If this were so, the exception being
general to both and the first being correct, the exception would
not be tenable. But this not being a bill of exceptions but a
case, if the charge was such as would be likely to mislead the
jury, the court might grant a new trial, although the excep-
tion was technically too broad. The statement was, however,
evidently intended, when read in connection with the parts of
the charge which had preceded it, to state the elements which
went to make up the pecuniary damages for which the plain-
tiff might recover. Loss of service was a proper item of dam-
ages, and to this extent no complaint is made, and there was
no error, either, in saying to the jury that they might take
into consideration the fact that the deceased was an educated
and amiable woman. The pecuniary interest of a husband
might and could be advanced more by a wife possessing these
characteristics, than by one of an opposite character and tem-
perament. The services of a refined and amiable wife would,
upon the truest scale of pecuniary estimate, be more valuable
than those of a vulgar and unamiable shrew. But the judge
united loss of society with loss of service, and in respect to

both referred to the qualifications of the deceased. And as refinement of mind and manners would more greatly enhance the value of the society than that of mere service or labor for profit, if loss of society was not a "pecuniary loss" to be compensated for within the statute, the allusion to the qualifications of the wife, in that connection, may have readily enhanced the damages. The English statute, which did not in terms limit the damages to the "pecuniary loss" sustained by the party for whose benefit the action might be brought, but empowered the jury to "give such damages as they might think proportioned to the injury resulting from such death, to the parties respectively for whom and for whose benefit such action should be brought," received a construction in *Blake* v. *The Midland Railway Company, (supra.)* It was decided, 1st, that the jury could give compensation for pecuniary loss only ; and 2d, that in estimating damages they could not take into consideration mental suffering or loss of society. Baron Parke, on the trial, left it to the option of the jury to give damages on all or any of the grounds mentioned, intimating his opinion that there was no ascertainable damages on any ground but that of pecuniary loss, and a new trial was granted, for a misdirection. In this state the legislature have restricted the damages to a compensation for the pecuniary loss, a loss which may be estimated in money. It is not an action sounding in damages, in which a jury exercise a discretion and may give a *solatium* in respect to the mental suffering of the party, or a compensation for the loss of *consortium,* as in an action for criminal conversation. Pollard, C. B. ruled at nisi prius, in *Gillard* v. *Lancashire and Yorkshire Railway Company,* (reported in 12 *Law Times,* 356, and cited by counsel arguendo *Blake's case,*) which was an action for the benefit of a widow, for the damages resulting from the death of her husband, that it is utterly impossible for a jury to estimate any sum as a compensation for the injured feelings of the survivor ; that all that is left which was applicable was the pecuniary loss sustained by his family. He said, "The

framers of the act never could have meant to give compensation to the parent for the mere deprivation of his son, or to the widow for that of her husband." The plaintiff's counsel observed, " In that view a widower would not be entitled to sue for compensation for the loss of the society and comfort of his wife." And the lord chief baron said, " Clearly not, unless her death is the cause of a pecuniary loss to her husband." The damages are to be calculated on a reasonable expectation of pecuniary benefit, as of right or otherwise, from the continuance of the life. At the best the measure of damages must be somewhat indefinite, and much must be left to the good judgment of the jury, but they must confine their inquiries to the pecuniary loss. (*Franklin* v. *The South Eastern Railway Company*, (3 *Hurlston & Meriam's Rep.* 211 ;) *Pennsylvania Rail Road Co.* v. *McClaskey*, (23 *Penn. Rep.* 525.) *Safford* v. *Drew*, (3 *Duer*, 627,) supports this view of the act, and is an authority for excluding from the consideration of the jury the loss of the society of the deceased wife. The superior court affirm the decision of the queen's bench in *Blake's case*, (*sup.*) and apply its principles to the interpretation of our own statute. *Oldfield* v. *The New York and Harlem Rail Road Co.*, (14 *N. Y. Rep.* 310,) decides, 1st. That there need be no proof of any pecuniary or special injury sustained by the next of kin, but in the absence of such proof a recovery for nominal damages, at least, may be had ; 2d. That it is not necessary that the next of kin should have a legal right to pecuniary benefit from the continuance of the life of the deceased ; and 3d. That the damages may be assessed in reference to the prospective as well as the present loss. The two last propositions were involved and decided in *Franklin's case*, (*supra ;*) the court holding that a reasonable expectation of a pecuniary benefit to the party was sufficient. But Judge Wright does say that the jury " were not to compensate for the pain and suffering endured by the deceased, or the anguish and mental distress of a wife or children incident to the loss of a husband or father, but were to measure the compensation by the pecun-

iary injury exclusively," and to this extent affirms the doctrine of the court of queen's bench. *Quin* v. *Moore*, (15 *N. Y. Rep.* 432,) is put upon the ground that the mother, by the death of her son, was deprived of his services to which she was entitled until he became of age. No pecuniary damage can be predicated upon the loss of the society of the wife. It is a case for which money cannot compensate, and cannot be estimated in money. A pecuniary loss is a loss of money, or of something by which money or something of money value may be acquired. See *Beach* v. *Ranney*, (2 *Hill*, 309,) and the cases cited by Bronson, J., and *Ransom* v. *The New York and Erie Rail Road Company*, (15 *N. Y. Rep.* 415.) The exception was proper to the entire sentence, which contained but one proposition, and that related to the considerations which might influence the jury in the assessment of damages. The judge united loss of society and loss of service as proper to be taken into the account, and both were included in the single proposition, and the counsel for the defendant very properly submitted a general exception to that proposition. But if this were not so, it is quite evident that the jury may have been misled by the remark of the judge, and a new trial should be granted.

Another part of the charge to which an exception was taken, or to which it is now claimed an exception was taken, is a part of a paragraph of some length in which several propositions are laid down, and which is only separated by a semicolon from the residue of the sentence. It is, "on the other hand they (the jury) were not bound to estimate the damages with precision and nicety." This exception being general, following the entire paragraph, and "to this part of the charge" is too general, as every other proposition except the one indicated is perfectly right. The remark was not a happy one. If it was intended merely to say that the law prescribes no rule by which the damages could be definitely ascertained and measured, it was very proper and very true. But if it was intended to advise the jury that they were not to arrive

at the acutal damages with all the accuracy of which the case was susceptible, having reference to the pecuniary loss of the party in interest, it was erroneous, as it gave to the jury a latitude and a discretion expressly withheld from them by the statute. One exception to the admission of evidence, I think, was well taken. The defendant objected to evidence of what the president of the defendant said about settling the claim. The negligence of the defendant, and the death of the intestate from such negligence, was admitted by the answer, and the only effect of the evidence would be to prejudice the jury against the defendants by showing an unconscionable defense or harsh and oppressive treatment of the plaintiff, neither of which could legitimately influence the amount of the recovery. It is true the judge instructed the jury that the conduct of the defendant, or their president, in refusing to settle the claim, should not be taken into consideration in enhancing the damages. But the evidence was admitted as competent and material, and had its effect before the antidote was administered, and too late for the antidote entirely to counteract it. (*Worrall* v. *Parmelee,* 1 *Comst.* 519. *Osgood* v. *The Manhattan Co., 3 Cowen,* 612.) The judgment must be reversed, and a new trial granted; costs to abide the event.

MORGAN, J. concurred.

MULLIN, J. concurred in the result, on the last ground, to wit, the admission of the declarations of the president of the defendants in evidence.

                         Judgment reversed.

[ONONDAGA GENERAL TERM, July 7, 1860. *Allen, Mullin* and *Morgan,* Justices.]