FREDERICK BOLINGER, Administrator, *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

February 11, 1887.

**Negligence—Railway—Management and Speed of Train—Question for Jury.**—In an action for damages for the alleged negligent killing of plaintiff's intestate by defendant's cars at a railway crossing, *held,* that when the circumstances connected with the accident in this case were shown, including the speed of the train and the manner in which it was operated, it was for the jury to say whether, with regard to the safety of travellers, the rate of speed and management of the train were reasonably prudent.

**Same—Street-Crossing—Watchman.**—The accident occurring on a public thoroughfare in a city, it was also for the jury to determine whether the presence of a watchman or other precautions not taken were reasonably necessary for the safety of the public.

**Same—Contributory Negligence.**—*Held, also,* upon the evidence in this case, that the question whether the deceased exercised reasonable caution and prudence while approaching the crossing was also properly submitted to the jury.

**Same—Damages for Killing Head of Family.**—It appearing that the deceased left a wife and children surviving, and was a strong, healthy man, in middle life, accustomed to earn good wages, the damages al-

lowed by the jury to the amount of $5,000 were not so clearly excessive and unreasonable as to warrant this court in setting aside the verdict for such cause.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial after a verdict of $5,000 for plaintiff.

*Jas. Smith, Jr., J. J. Egan,* and *I. V. D. Heard,* for appellant.

*John D. O'Brien* and *Otto Kueffner,* for respondent.

VANDERBURGH, J. The deceased was fatally injured on the evening of Christmas, 1884, by defendant's cars, which came in collision with the sleigh in which he was riding at the place where the tracks of the company cross Third street, in the city of St. Paul. The accident is alleged to have been caused by the negligence of defendant, particularly in running its cars at a dangerous rate of speed, and in failing to give any proper signal or warning of their approach at the crossing. The evidence tended to show that the cars in question were box cars, which were being backed or pushed across the street at the time; that they were running at a higher rate of speed than allowed by the city ordinance; that it was after dark, being past 6 o'clock in the evening; that the street was in use as one of the thoroughfares of the city; that there was then no watchman or flag-man at the crossing; and that the driver of the vehicle saw or heard no signal, and had no notice of the approach of the cars in time to escape.

The evidence was undoubtedly sufficient to sustain a finding of negligence on defendant's part by the jury. When the situation at the crossing, and the manner of running the train, the number and duties of the employes in charge, the rate of speed, the extent of travel upon the street, and the opportunity for observation, were shown, it was peculiarly for the jury to determine whether the rate of speed was reasonable, and the defendant's management of the train otherwise reasonably prudent. *Howard* v. *St. Paul, M. & M. Ry. Co.,* 32 Minn. 214, (20 N. W. Rep. 93.)

It was also for the jury to determine whether a flag-man or other precautions not used were necessary for the safety of travellers at the particular time and place, and how far any negligence which might rightfully be imputed to the defendant in any of the particulars we

have mentioned was the efficient cause of the accident. *Shaber* v. *St. Paul, M. & M. Ry. Co.*, 28 Minn. 103, 107, 108, (9 N. W. Rep. 575;) *Kelly* v. *St. Paul, M. & M. Ry. Co.*, 29 Minn. 1, (11 N. W. Rep. 67.)

2. It is not so clear upon the evidence that there may not have been contributory negligence on the part of the driver of the sleigh; but the testimony in plaintiff's behalf presented a case for the jury. The jury would consider to what extent the position of the freighthouse, or cars standing on the street, as shown by some of the testimony, obscured the vision of the parties in the sleigh as they were approaching the track, in connection with other facts above referred to, and also the evidence of the driver, and those with him, that they looked and listened for the cars, and that he caused the horse to walk slowly for this purpose when he came near the crossing, and that they heard or saw nothing to warn them of danger until too late to retreat. It was for the jury to say, if they believed the witnesses, whether these precautions on the part of the deceased were, under the circumstances, reasonably sufficient. *Faber* v. *St. Paul, M. & M. Ry. Co.*, 29 Minn. 465, (13 N. W. Rep. 902;) *Kelly* v. *St. Paul, M. & M. Ry. Co., supra.*

3. The jury gave round damages, but the trial judge, on the motion for a new trial, has found no cause to interfere with the verdict on this ground, and we do not think this court warranted in declaring them excessive under the evidence in the case. The deceased was a strong, healthy man, 48 years of age, who earned good wages as a day laborer. He left a wife and three children, two of whom were under the age of 21 years. The statute authorizes an action for damages for the benefit of the widow and next of kin. The jury, in such cases, may consider prospective advantages of a pecuniary nature which have been cut off by the premature death (in this case) of the husband and father. The value of the services of the head of a family in a pecuniary sense cannot be limited to the amount of his daily wages earned for their support. His constant daily services, attention, and care in their behalf, in the relation which he sustained to them, may be considered as well, and the jury must judge of the circumstances of each case. In such cases damages for mere loss of

society or mental sufferings are not to be included. The damages are to be calculated upon a reasonable expectation of pecuniary benefit, of right or otherwise, from the continuance of the life. *Shaber* v. *St. Paul, M. & M. Ry. Co., supra.*

"At the best," as remarked by Allen, J., in *Green* v. *Hudson River R. Co.*, 32 Barb. 25, 32, "the measure of damages must be somewhat indefinite, and much must be left to the good judgment of the jury."

The statute is to be construed as a remedial one, and must have a liberal interpretation to effectuate the evident purpose of its enactment. The determination of the amount of damages, however, must be a judicial one, and is not left to the uncontrolled discretion of the jury; and verdicts have not infrequently been set aside or reduced in this class of cases; but very rarely, we think, in a case like this, where the deceased is the head of a family, in middle life, apparently able to care and provide for them, and in various ways render them valuable assistance and service. *Carey* v. *Berkshire R. Co.*, 1 Cush. 475, (48 Am. Dec. 616, 641;) 3 Suth. Dam. 282, 283; *Tilley* v. *Hudson River R. Co.*, 29 N. Y. 252.

Order affirmed.