292 N.W.2d 282 (1980)
Joel D. RATH, as trustee for the surviving spouse and next of kin of Laird E. Simpson, decedent, Respondent,
v.
HAMILTON STANDARD DIVISION OF UNITED TECHNOLOGIES CORPORATION, et al., Defendants,
Darleen Hauck, as guardian ad litem of Tara Kay Simpson, Appellant,
Barbara R. Simpson, individually and as natural guardian for Andrea Simpson, Respondent.
No. 50165.
Supreme Court of Minnesota.
April 11, 1980.
*283 Johnson & Eastlund, Warren E. Eastlund, Mark T. Solstad, and Daniel T. Blomquist, Minneapolis, for appellant.
Kempf & Miller, and Thomas A. Miller, Bloomington, for Simpson.
Heard before ROGOSHESKE, KELLY and YETKA, JJ., and considered and decided by the court en banc.
YETKA, Justice.
This wrongful death action was brought by a trustee for the surviving spouse and next of kin of the decedent, Laird E. Simpson, who died in an aircraft accident. Following a negotiated settlement, the trustee petitioned the district court to approve a proposed plan for distribution of the proceeds. The respondent, Barbara R. Simpson, consented to the proposed distribution plan, but the appellant filed objections. The Fourth Judicial District Court ordered distribution essentially in accordance with the trustee's proposal, and the appellant appealed the court's order. This appeal was stayed pending ruling on the appellant's motion for amended findings or for a rehearing, which was subsequently denied by the district court. We reverse and remand.
This case presents the issue of whether the district court erred in fixing the amount allocated to the decedent's daughter by a prior marriage at the amount of child support required of the decedent by the divorce decree at the time of his death.
The decedent, Laird E. Simpson, died in an aircraft accident on July 26, 1975. Joel D. Rath was subsequently appointed trustee for the surviving spouse and next of kin of the decedent for the purposes of bringing this wrongful death action against two *284 companies involved in the construction of the aircraft.
The decedent was survived by his wife, Barbara R. Simpson, who was then pregnant with and subsequently gave birth to Andrea M. Simpson. He was also survived by Tara K. Simpson, age 6, his daughter by a prior marriage. The court decree dissolving that marriage on May 11, 1972, had given custody of Tara to decedent's former wife, now Darleen Hauck.
The divorce decree required the decedent to pay Darleen Hauck $150 per month alimony and $200 per month for support of the daughter. The decree provided visitation rights for the decedent. An amended decree dated April 10, 1975, directed that the child support payments be tied to the consumer price index and be adjusted accordingly on a semi-annual basis. It also provided that when the daughter reached majority, the decedent would share equally in the cost of her education.[1]
The trustee negotiated a settlement with the defendants calling for the purchase of an annuity to pay $24,000 per year for the life of Barbara R. Simpson but, in any event, a minimum of $480,000. In the event of Barbara R. Simpson's death before the payment of the minimum, each child would receive $12,000 per year until $480,000 has been paid. The trustee petitioned the district court to approve the settlement; the court approved the settlement amount but reserved the question of distribution among the beneficiaries.
Subsequently, the trustee moved the district court for an order distributing the proceeds. The trustee proposed that one-half of the first 24 monthly payments be set aside in equal funds for the two children ($12,000 each) to be paid to them upon reaching majority. Thereafter, he proposed that $1,800 per month be paid to Barbara R. Simpson and $200 per month to Tara K. Simpson until she reached majority. Andrea M. Simpson resides with Barbara R. Simpson so no separate allocation was made to her.
Barbara R. Simpson, for herself and as natural guardian for Andrea M. Simpson, consented to the proposed distribution. However, Darleen Hauck, who had been appointed guardian ad litem for Tara K. Simpson, objected. The trustee's motion then came on for hearing, and the court ordered distribution essentially in accordance with the trustee's proposal.
The crux of the issue presented is whether the district court erred in limiting Tara K. Simpson's portion of the proceeds to the $200 per month the decedent paid in child support. It is clear from the memorandum accompanying the court's order that it did base the $200 figure on the child support figure. The memorandum stated:
[T]his Court finds that the pecuniary loss of Tara Kay Simpson is the amount of money which the evidence shows the decedent could reasonably and legally have been expected to contribute to her care and maintenance for a period of 14.75 years [until majority].
The measure of recovery in a wrongful death action is stated in Minn. Stat. § 573.02, subd. 1 (1978) as "pecuniary loss." The proceeds of a recovery under the statute are to be distributed among the surviving spouse and next of kin "proportionate to the pecuniary loss severally suffered by the death." Id. The term "pecuniary loss" is not limited strictly to loss of income. In Gravley v. Sea Gull Marine, Inc., 269 N.W.2d 896, 901 (Minn.1978), this court recently stated:
In Fussner v. Andert, 261 Minn. 347, 113 N.W.2d 355 (1962), we expanded the concept of "pecuniary loss" to include loss of advice, comfort, assistance, and protection which the jury might find to be of pecuniary value and which the survivor could reasonably have expected if the decedent had lived. This measure of damages has been applied in subsequent cases and recently was reapproved in Cummins *285 v. Rachner, Minn., 257 N.W.2d 808, 814 (1977).
These decisions are consistent with Bolinger v. St. Paul & Duluth Railroad, 36 Minn. 418, 31 N.W. 856 (1887), which was decided before the term "pecuniary loss" was added to section 573.02 by 1951 Minn. Laws, ch. 697, § 1. The court in that case stated:
The value of the services of the head of a family in a pecuniary sense cannot be limited to the amount of his daily wages earned for their support. His constant daily services, attention, and care in their behalf, in the relation which he sustained to them, may be considered as well * *.
36 Minn. at 420, 31 N.W. at 857.
The few courts which have considered the relevance of child support orders in wrongful death proceedings have held such orders to be irrelevant. For example, in Davis' Administrator v. Cincinnati, N. O. & T. P. Ry., 172 Ky. 55, 188 S.W. 1061 (1916), the court held a support decree in a divorce proceeding irrelevant in a later wrongful death action brought by the child. The court reasoned that such an order could be modified at any time and that the child could not be bound by the order since she was not a party to the prior case.
In Gonzales v. Pacific Greyhound Lines, 34 Cal.2d 749, 214 P.2d 809 (1951), the divorce court had made a finding of non-paternity and ordered that no child support was required of the husband. In the later wrongful death action, the prior order was held irrelevant to the child's right to recover for the loss of the father.
Conversely, in Straub v. Schadeberg, 243 Wis. 257, 10 N.W.2d 146 (1943), where the divorce decree had given custody to the mother, the father was, nevertheless, permitted to sue for the wrongful death of the son. The court noted that the father had visitation rights and had continued a relationship with the child.
This court has never reached this issue, but it has consistently held that nondependent relatives may recover, e. g., the parents of a child beyond majority who has married, Moore v. Palen, 228 Minn. 148, 36 N.W.2d 540 (1949); or a wife who has since remarried, Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566 (1952).
If persons who are not monetarily dependent on the decedent are able to recover for their losses, it would seem that the child here should be able to recover for her loss above and beyond her actual monetary dependence. We, therefore, believe that the district court erred in setting Tara K. Simpson's loss at the loss of the $200 per month child support payments since that amount only includes actual monetary loss. Tara lost more than her child support payments; she lost her father.
The appellant argues that Tara's portion of the settlement should be determined in accordance with the "support years" formula set forth by Judge Hatfield of the Third Judicial District in "Distribution of Funds Recovered in a Wrongful Death Action," Bench and Bar, March 1966, at 5, 7-8, as follows:
Unless there is a showing that a child will suffer a pecuniary loss by the death of his parent after he reaches the age of 21, it is my suggestion and practice to determine the number of support years that the surviving spouse and each next of kin have lost by reason of the death and divide the funds for distribution proportionately.
As an illustration, if a wife and three children, age 20, 10 and 5, survive the decedent, and the wife has a life expectancy of 20 years, the total support years would be 48, computed as follows: twenty for the wife, one year for the 20-year old, eleven years for the 10-year old, and sixteen years for the 5-year old. I would then award 20/48ths to the widow, 1/48th to the 20-year old, and 16/48ths to the 5-year old.
It appears to us that the support years formula provides a satisfactory starting point for the distribution of the proceeds of wrongful death cases. However, the formula should not be taken to restrict the ability of district courts to consider *286 other relevant factors in allocating awards of settlements.[2] Such factors might include the nature of the person's relationship with the decedent, the extent to which the decedent had supported the person in the past, or whether the person is now employed or supported by another person.
In this case, there is no record on which to analyze the relevant factors. We believe the appellant is entitled to have the district court make its award based upon all of the relevant factors and the support years formula rather than relying on the divorce decree alone. In addition, the appellant is entitled to have the court consider the provisions of the amended decree regarding inflation and education expenses, and the recent increase in the decedent's income, in making the distribution. We thus vacate the district court's order and remand for reconsideration of the distribution of the settlement consistent with this opinion.
Reversed and remanded.
NOTES
[1] The parties agree that Darleen Hauck is not a next of kin and she does not seek any part of the settlement for herself. The amended decree gave her a lump sum in lieu of any further alimony from the decedent.
[2] In addition, the fact that the formula refers to years of support does not mean that only dependent persons or children below majority may recover. In this case, for example, the child support payments were to end at majority, but the child is entitled to consideration of her losses beyond majority as well.