**Susan THOMPSON, individually and as trustee for the heirs of James C. Thompson, deceased, Respondent,**

v.

**UNITED TRUCK BODY COMPANY, et al., Defendants,**

**Larry Stauber, guardian ad litem, Appellant.**

**No. C8–87–707.**

Court of Appeals of Minnesota.

Nov. 17, 1987.
Review Denied Jan. 28, 1988.

petition for distribution, that he was not represented by a guardian ad litem, and that the decedent's surviving spouse is not a suitable person to act as trustee. We affirm.

## FACTS

The decedent, James C. Thompson, died in a car accident on July 31, 1984. He was survived by his wife, respondent Susan Thompson, and three sons, one of which is Aaron Hanson. Aaron had been adjudged to be the decedent's son by a default judgment in 1979. At the time of the accident, Aaron's whereabouts were unknown.

Respondent was appointed trustee under Minn. Stat. § 573.02, subd. 3 (1984). Respondent then commenced a wrongful death action against defendants United Truck Body Company and Kelvin R. Herstad. The parties reached a settlement, which provided compensation for all of the decedent's heirs, including Aaron Hanson.

On October 16, 1985, respondent submitted a petition for distribution. The trial court approved the settlement and distribution and required respondent take appropriate steps to locate Aaron and inform him of the terms of the distribution. Deborah Parker, Aaron's mother, received notice of the distribution order at her home in North Carolina on or about May 1, 1986. Parker then petitioned for appointment of appellant as guardian ad litem for Aaron.

Appellant moved to set aside or, in the alternative, to modify the distribution order and to have respondent removed as trustee. The trial court denied appellant's motion to set aside or modify the order, affirmed the distribution order and discharged respondent as trustee.

Clarance E. Hagglund, Kathleen A. Heaney, Minneapolis, Robert M. Kaner, Duluth, for Susan Thompson, individually and as trustee for the heirs of James C. Thompson, deceased.

Alton J. Olson, Duluth, for Larry Stauber, guardian ad litem.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

This appeal involves the distribution of a settlement obtained in a wrongful death action. Larry Stauber, guardian ad litem for Aaron Hanson, the illegitimate minor son of the decedent, challenges the distribution on the grounds that Aaron did not receive notice of the hearings on the petition for appointment of a trustee or the

## ISSUES

1. Is a minor heir who is a recipient of proceeds under a wrongful death settlement entitled to notice of the petition for appointment of trustee and petition for distribution?

2. Is a minor heir who is a recipient of proceeds under a wrongful death settle-

ment entitled to representation by a guardian ad litem?

3. Should appellant's portion of the wrongful death distribution be limited to amounts decedent was ordered to pay in support, or should it be calculated using the support years formula?

4. Is appellant's appeal without merit, thereby justifying an award of attorney fees?

## ANALYSIS

■ 1. Notice of distribution in a wrongful death settlement is governed by Rule 2 of the Code of Rules for the District Courts. Rule 2 sets forth two notice requirements. The first notice requirement regarding the petition for appointment of the trustee states:

> The petition will be heard upon such notice, given in such form and in such manner and upon such persons as may be determined by the court, unless waived by all heirs or the court.

The second notice requirement regarding application for the distribution of the money recovered in the wrongful death action states:

> The petition will be heard upon such notice, given in such form and in such manner and upon such person as may be determined by the court, unless waived by all the heirs or the court.

It is undisputed that Aaron did not have notice of the petition for appointment of trustee nor of the petition for distribution, because at the time both those documents were filed, Aaron's whereabouts were unknown to respondent. However, the trial court did provide notice to Aaron of the terms of the settlement and distribution.

In *In re Heirs of Larsen*, 306 Minn. 364, 237 N.W.2d 371 (1975), the Minnesota Supreme Court addressed the Rule 2 notice requirements. There, the decedent's ex-husband sought to remove his children's maternal grandmother as trustee and have his father appointed as trustee instead. The ex-husband argued the trial court should have refrained from acting upon the petition until he, as father and natural guardian of decedent's children, had notice of a hearing on the question of whether the maternal grandmother should be appointed as trustee. The court stated:

> [Rule 2] requires notice only to "such persons as may be determined by the court." Judge Minenko, who was apprised in respondent's petition of all of the heirs, required only that respondent waive notice before he ordered respondent's appointment as trustee. The rule specifically allows the court discretion to make a determination as to which persons should be given notice.

*Id.* at 368–69, 237 N.W.2d at 374. The *Larsen* court found the trial court had not abused its discretion, particularily in light of the fact that the ex-husband had an opportunity to present his views at the hearing on the motion to quash the appointment. *Id.* at 369, 237 N.W.2d at 374.

In this case, Aaron, through his guardian ad litem, had an opportunity to present his views concerning respondent's appointment as trustee and the terms of the distribution at the hearing on the motion to set aside or modify the distribution and remove respondent as trustee. Even if notice of the petition for appointment of trustee and petition for distribution was required, Aaron has since been given ample opportunity to present his views, and thus, under *Larsen*, the trial court did not abuse its discretion.

■ 2. Appellant argues a guardian ad litem should have been appointed for Aaron before the distribution hearing under Rule 17.02 of the Minnesota Rules of Civil Procedure, which provides in part:

> Whenever a party to an action is an infant or is incompetent and has a representative duly appointed * * * the representative may sue or defend on behalf of such party. A party who is an infant or is incompetnet and is not so represented shall be represented by a guardian ad litem appointed by the court * * *.

Under Rule 17.02, a guardian ad litem need only be appointed if there is not a duly appointed representative. In this case, there was no need for a guardian ad litem because respondent had been appointed as representative (trustee) for the heirs of the

decedent, including Aaron, under Minn. Stat. § 573.02, subd. 3 (1984).

▪ Appellant also argues that respondent is not a suitable person to represent Aaron's interests because of a conflict of interest. In *Regie de L'Assurance Automobile du Quebec v. Jensen*, 399 N.W.2d 85 (Minn.1987), the Minnesota Supreme Court held:

> Simply because the trustee may have an interest in the outcome of the case or in the recovery does not denote incompetency to serve as trustee. Indeed, it is, and has been for many years, commonplace for the surviving spouse or one of the next of kin to be appointed as trustee notwithstanding the obvious interest he or she may have in the outcome of the action. The appointment of a trustee is within the discretion of the trial court.

*Id.* at 89.

Here, the trial court found respondent is a suitable person to act as trustee despite the potential conflict of interest. This finding is supported by the record. Respondent listed Aaron as an heir of the decedent on the petition for appointment as trustee. She made efforts to contact him, and she provided for him in the settlement, albeit not to the extent appellant would have liked. Because Aaron had a representative in this matter, the trial court did not err by not appointing a guardian ad litem before the distribution hearing.

▪ 3. In a wrongful death action, each heir is entitled to recover for their pecuniary loss. The term "pecuniary loss" is not limited strictly to loss of income, but is expanded to include loss of advice, comfort, assistance, and protection which the survivor could reasonably have expected if the decedent had lived. *Rath v. Hamilton Standard Division of United Technologies Corp.*, 292 N.W.2d 282, 284 (Minn.1980) (citing *Gravley v. Sea Gull Marine, Inc.*, 269 N.W.2d 896, 901 (Minn.1978)).

▪ *Rath* applies the "support years" formula set forth by Judge Hatfield in "Distribution of Funds Recovered in A Wrongful Death Action," *Bench and Bar*, March 1966 at 5, 7–8, which is as follows:

> Unless there is a showing that a child will suffer a pecuniary loss by the death of his parent after he reaches the age of 21, it is my suggestion and practice to determine the number of support years that the surviving spouse and each next of kin have lost by reason of the death and divide the funds for distribution proportionately.
>
> As an illustration, if a wife and three children, age 20, 10 and 5, survive the decedent, and the wife has a life expectancy of 20 years, the total support years would be 48, computed as follows: twenty for the wife, one year for the 20–year old, eleven years for the 10–year old, and sixteen years for the 5–year old. I would then award 20/48ths to the widow, 1/48th to the 20–year old, and 16/48ths to the 5–year old.

The court must determine the proportionate pecuniary loss of the persons entitled to the recovery and order distribution accordingly. Minn. Stat. § 573.02, subd. 1 (1984). The trial court found, because of the unusual circumstances concerning the relationship between the decedent and Aaron, the application of the support years formula was inappropriate in this case.

In *Rath*, the supreme court found the district court erred in determining the decedent's child's only loss was the monthly support payments her father was required to make because that amount only includes actual monetary loss. The *Rath* court stated:

> [T]he support years formula provides a satisfactory starting point for the distribution of the proceeds of wrongful death cases. However, the formula should not be taken to restrict the ability of district courts to consider other relevant factors in allocating awards of settlements. Such factors might include the nature of the person's relationship with the decedent, the extent to which the decedent had supported the person in the past, or whether the person is now employed or supported by another person.

*Id.* at 285–86 (footnote omitted).

In this case, the trial court found Aaron and his mother have had no contact with

the decedent and have received absolutely nothing from the decedent either monetarily or in any other way. Although decedent had been ordered to pay approximately $15 a month in support for Aaron, it appears he never made any payments. Furthermore, none of the other factors such as loss of advice, comfort, assistance and protection, which are considered in determining pecuniary loss, are relevant here. Under these circumstances, we find the trial court was not required to apply the support years formula.

4. Minn. Stat. § 549.21, subd. 2 (1986) provides in part:

> Upon motion of a party, or upon the court's own motion, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harrass; or committed a fraud upon the court.

Respondent requests an award of attorney fees and costs in the sum of $1,750 for preparation of her brief and oral argument in this appeal.

The only instances in which section 549.21, subd. 2 authorizes the court to award attorney fees are (1) acting in bad faith; (2) asserting a frivolous claim or defense; (3) asserting an unfounded position solely to delay the proceedings; or (4) committing a fraud upon the court. *Strand v. Nelson,* 380 N.W.2d 906, 910 (Minn.Ct.App.1986) (Parker, J., dissenting). Appellant did none of these. Therefore, respondent is not entitled to an award of attorney fees.

## DECISION

Affirmed.

CRIPPEN, Judge, dissenting.

The decedent was survived by three sons, ages 15, 11, and 11. Appellant represents Aaron Hanson, who was six years old when his father died in 1984. The decedent was also survived by another son, James, also age six at the time of decedent's death, and Bobby, age two when his father died. Decedent was also survived by his wife, who is the mother of Bobby Thompson.

From a cash settlement, $40,307 was ordered distributed to Susan Thompson, decedent's spouse, and $6500 was to be distributed to James Thompson. In addition, the trial court distributed a structured settlement. Susan Thompson is to receive $400 per month for life, and additional payments of $100,000 over a period of 20 years. Bobby Thompson is to receive cash payments totaling $82,000 through the time of his thirtieth birthday. James Thompson is to receive $150 per month for seven years after he attains age 18, plus $10,000. Aaron Hanson is to receive $50 per month for seven years after he attains age 18, plus $7,500. Appellant disputes the proportion of the award ordered distributed for Aaron Hanson.

It is suggested here that Aaron Hanson should receive a much smaller award than other heirs because during the six years of his life when his father was living, the decedent paid no support and offered this child no personal assistance. At the same time, it is observed that the other heirs should be especially favored because the decedent perpetrated much abuse upon them when he was alive. In sum, Aaron is to be penalized for his father's neglect, but the other heirs are to be rewarded because of a similar problem. We should not subscribe to this illogical formula for distribution of a wrongful death settlement.

Similarly, respondent argues that the wrongful death settlement in this case was unusually generous for the heirs, and that Aaron's award is much better than the award he might have obtained through a trial of his claim. Clearly, however, the settlement was generous for all of the heirs, not just Aaron. Again, there appears to be no logical reason for severely limiting Aaron's share of the settlement.

As in most cases, the "support years formula" provides an adequate starting point for the distribution in this case. See, *e.g., Rath v. Hamilton Standard Division of United Technologies Corp.*, 292 N.W.2d 282, 285 (Minn.1980). It is not evident why the division here so materially departs from the support years formula. A trial court memorandum indicates that the distribution for Aaron was founded on the fact that the decedent had contributed nothing to him in the six years since the child was born. As the supreme court concluded in *Rath*, connected with its approval of the support years formula, children's losses should not be limited to their actual monetary dependence. *Id.*

The distribution order should be reversed and the case remanded for reconsideration of the distribution of the settlement.

I respectfully dissent.