# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2439

_____

Mario Molina-Gomes, as Trustee    *
for the Next of Kin of Mario    *
Molina-Campos, Deceased,    *
   *
       Plaintiff-Appellant,    *
   *    Appeal from the United States
      v.    *    District Court for the District of
   *    Minnesota
Joel Welinski, Individually and in    *
His Official Capacity as a City of    *
Owatonna Police Officer,    *
   *
       Defendant-Appellee.    *

_____

Submitted: March 15, 2012
Filed: April 30, 2012

_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

As part of a narcotics investigation, Owatonna police arranged for an undercover officer to make a payment to Mario Molina Campos for drugs supplied to an informant. The transaction did not go as planned, however. Molina Campos attempted to drive away, dragging along the undercover officer, and rammed an unmarked police vehicle blocking his path. At that point Sergeant Joel Welinski shot

Molina Campos with his service revolver. Molina Campos died at the scene. Mario Molina Gomes, as trustee for the next of kin of Molina Campos, brought this 42 U.S.C. § 1983 action alleging that Welinski had used excessive force in violation of the Fourth Amendment. The district court[1] granted summary judgment to the officer on the basis of qualified immunity, and Molina Gomes appeals. We affirm.

The Owatonna police had been told by the informant that Molina Campos was supplying drugs to him and other dealers and that he owed Molina Campos some money. Members of a drug task force set up a meeting at which an undercover officer was to give Molina Campos the money owed by the informant, and other officers would be present to make an arrest. The transaction was planned to take place at a gas station located in Dodge City, Minnesota near the intersection of county roads 34 and 25. Much of the encounter between the police and Molina Campos was recorded by a video camera mounted in one of the task force cars and by a hidden microphone worn by the undercover agent.

After Molina Campos arrived at the gas station, the undercover agent approached his car, placed the drug money in the backseat, and spoke to Molina Campos through the rear window. As he was talking, Molina Campos began to drive forward. Fearing Molina Campos would escape, one of the other officers drove his unmarked car to block him from behind while Sergeant Welinski moved his vehicle in front of Molina Campos. At the same time the undercover officer opened the drivers door and ordered Molina Campos to get out of his car. Boxed in by the police, Molina Campos first reversed, dragging along the undercover officer who fell to the ground bleeding, and then attempted to drive around Welinski's vehicle, heading toward county road 34.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

As Molina Campos tried to escape, Sergeant Welinski got out of his vehicle and fired eight shots at Molina Campos's car which began to make a slow u-turn away from county road 34 before coming to a stop. One of the officers ordered Molina Campos to get out of his vehicle. As Molina Campos complied, he collapsed on the ground. The police called an ambulance and administered CPR, but Molina Campos stopped breathing before the ambulance arrived. The audio recording indicates that approximately 3 seconds had elapsed between Sergeant Welinski's first and final shots.

Molina Gomes, as trustee for the decedent's next of kin, filed this § 1983 claim against Sergeant Welinski in his individual and official capacities, claiming that the sergeant had used excessive force in violation of the decedent's Fourth Amendment rights. Welinski moved for summary judgment, and the district court concluded that he was entitled to qualified immunity because he had reasonably believed that Molina Campos "posed a threat of serious harm" to others at the time he shot him. The court granted summary judgment to Welinski in both his individual and official capacities. Molina Gomes appeals only the grant of qualified immunity to Welinski in his individual capacity.

We review the district court's grant of qualified immunity de novo, viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor. Johnson v. Carroll, 658 F.3d 819, 825 (8th Cir. 2011). Qualified immunity protects government officials from liability under § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (citation omitted). The test for whether an officer is entitled to qualified immunity depends on: (1) whether the facts alleged by the plaintiff make out a violation of a constitutional right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009). A right is clearly established if a reasonable officer would understand that his conduct

was unlawful.  Nance v. Sammis, 586 F.3d 604, 609 (8th Cir. 2009).  We may exercise our discretion in deciding which of the two requirements to address first. Pearson, 555 U.S. at 236.

Molina Gomes claims Sergeant Welinski violated the Fourth Amendment rights of Molina Campos by using excessive force in trying to arrest him.  This claim is analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388–89 (1989).  We examine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."  Craighead v. Lee, 399 F.3d 954, 961 (8th Cir. 2005) (citation omitted).  Our analysis of whether the use of force was reasonable must allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about  the amount of force that is necessary in a particular situation."  Graham, 490 U.S. at 396–97.  The issue of reasonableness "must be examined from the perspective of the facts known to the officer at the time of the incident."  Nelson v. Cnty. of Wright, 162 F.3d 986, 990 (8th Cir. 1998).  The use of deadly force is not unconstitutional if the officer had "probable cause to believe that the suspect pose[d] a threat of serious physical harm, either to the officer or others."  Nance, 586 F.3d at 610 (citation omitted).

We conclude that Sergeant Welinski's use of deadly force did not violate Molina Campos's constitutional rights.  The reckless driving by Molina Campos in his attempt to escape was a danger to the arresting police officers and to any drivers on the roadway.  When Molina Campos sped backwards, he dragged the undercover officer along, knocking him to the ground.  He then crashed into a police vehicle before driving around Welinski's vehicle towards county road 34.  At the time Welinski fired his weapon he had probable cause to believe that Molina Campos posed a threat of serious danger to the officers as well as to other motorists.  See Scott v. Harris, 550 U.S. 380, 383–86 (2007); see also Sykes v. United States, 131 S. Ct. 2267, 2274 (2011) ("It is well known that when offenders use motor vehicles as their

-4-

means of escape they create serious potential risks of physical injury to others."). Welinski made a split second decision to try to prevent Molina Campos from harming the officers or others in the area. He fired for just 3 seconds and stopped shooting before using all his bullets. See Sanders v. City of Minneapolis, 474 F.3d 523, 526–27 (8th Cir. 2007). Welinski's use of force under these quickly evolving dangerous actions by Molina Campos was "objectively reasonable under the circumstances as [Welinski] perceived them." See Hernandez v. Jarman, 340 F.3d 617, 623–24 (8th Cir. 2003).

We also reject the trustee's remaining arguments. Although he claims that the decedent's driving posed no danger to other motorists, the video recording shows numerous cars passing along county road 34 just before Molina Campos moved in the direction of the roadway. See Scott, 550 U.S. at 380 (declining to adopt factual allegations "contradicted by the record" in ruling on a motion for summary judgment). Even if the officers failed to identify themselves before the shooting began, as Molina Gomes claims, he has not shown that Sergeant Welinski's use of force was unconstitutional given the fast evolving circumstances and the officer's reasonable belief that Molina Campos posed a serious threat to others. See Schulz v. Long, 44 F.3d 643, 648–49 (8th Cir. 1995).

Accordingly, we affirm the judgment of the district court.

_____