# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2252

_____

Estate of Ahmed M. Guled, by and through Mohamed G. Abdi, Special
Administrator for the Estate of Ahmed M. Guled

*Plaintiff - Appellant*

v.

City of Minneapolis; Officer Christopher Garbisch, in his individual and official capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 11, 2017
Filed: August 29, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

On February 5, 2009, Minneapolis Police Officers shot and killed Ahmed Guled after a short car chase. Guled's father, Mohamed Abdi, engaged in efforts to acquire legal status to act on behalf of Guled's estate and next of kin, culminating in his being appointed Special Administrator (SA) of Guled's estate pursuant to Minnesota Statute § 524.3-703(b). In his capacity as SA, Abdi filed a complaint

against the City of Minneapolis and the officers involved in Guled's shooting (collectively, the City),[1] alleging that the City used excessive force in violation of 42 U.S.C. § 1983. The district court[2] granted summary judgment in favor of the City, finding that Abdi lacked standing to bring a § 1983 claim because Abdi was not a trustee under Minnesota's wrongful death statute. See Minn. Stat. § 573.02. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

In the early morning hours of February 5, 2009, Guled was driving a stolen car in North Minneapolis when he came across an unrelated police investigation that was blocking his path. Guled attempted to drive through a narrow space between two parked police vehicles, and officers shot at Guled's car. After the initial shots, Guled stopped and either stepped or fell out of his car onto the ground, where Officer Christopher Garbisch shot him three times. Guled died at the scene shortly thereafter.

In 2011, Abdi filed a petition in Minnesota state court to be appointed trustee for Guled's next of kin in order to bring an action against the City for, *inter alia*, federal constitutional violations and wrongful death pursuant to Minnesota Statute § 573.02. Abdi listed himself, Guled's siblings, and Guled's mother as Guled's next of kin. The Minnesota state court granted Abdi's petition, and appointed him as trustee to maintain the action described in the petition.

---

[1]Pursuant to a stipulation, Abdi voluntarily dismissed his Fourth Amendment claims against the City of Minneapolis and all claims against Officers Shawn Powell and Jeffrey Newman. All of these claims were dismissed with prejudice and without costs or attorneys' fees to either party. Officer Christopher Garbisch, in his official and individual capacities, remains a defendant.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

In 2012, shortly after his appointment, Abdi filed a pro se lawsuit in federal court as trustee for Guled's heirs and next of kin, seeking damages for emotional distress, pecuniary loss, and the loss of Guled's companionship, guidance and protection. Abdi v. Garbisch, No. 0:12-cv-00306 (D. Minn. Feb. 6, 2012). After Guled's brother submitted a statement explaining that he did not consent to the appointment of Abdi as trustee, and that his signature on a document purporting to evince his consent had been forged, the state court vacated its appointment of Abdi as trustee. The district court later dismissed Abdi's pro se case without prejudice for failure to prosecute, and we dismissed Abdi's appeal.

Abdi retained current counsel in 2014. Abdi told counsel that he had been appointed trustee for Guled's next of kin, but did not tell counsel that his status as trustee had been revoked. Because the three-year statute of limitations on Abdi's Minnesota wrongful death claim had expired, Abdi (through counsel) filed a complaint in federal district court under 42 U.S.C. § 1983. The court asked Abdi to clarify his legal status and authority to pursue claims on behalf of Guled, at which point counsel discovered that Abdi's trustee status had been revoked. Counsel notified the court and spoke with Abdi, who explained that he was unaware of the revocation of his trustee status. The complaint was dismissed without prejudice based on Abdi's lack of standing to sue.

On October 16, 2014, Abdi filed a "Petition for Formal Appointment of Special Administrator" of Guled's estate pursuant to Minnesota Statute § 524.3-614(2) in Minnesota state district court, which was approved the following day. As SA, Abdi filed the instant lawsuit—his third attempt to bring claims against the City as a result of Guled's death—naming the Estate of Guled, through Abdi as SA, as plaintiff. The complaint alleged that Guled suffered harm as a result of excessive force and unconstitutional action by the City in violation of § 1983.

Following discovery, both sides moved for summary judgment. The City argued that the case should be dismissed for lack of subject matter jurisdiction because Abdi, acting as SA rather than as a duly appointed wrongful death trustee, did not have standing to bring a § 1983 claim. The district court granted the City's motion, and Abdi appeals. "We review the district court's grant of summary judgment based on standing de novo." Oti Kaga, Inc. v. S.D. Hous. Dev. Auth., 342 F.3d 871, 877 (8th Cir. 2003).

## II. Discussion

Section 1983 explains that any person who, under color of law, deprives another of their constitutional rights, is "liable to the party injured." 42 U.S.C. § 1983. While the "party injured" is generally self-explanatory, § 1983 does not make clear who constitutes the injured party when the injured party dies. In such a situation, Congress has explained that "we look to state law to determine who is a proper plaintiff, as long as state law is not inconsistent with the Constitution or federal law." Andrews v. Neer, 253 F.3d 1052, 1056 (8th Cir. 2001) (citing 42 U.S.C. § 1988(a)). Therefore, we look to Minnesota's survivorship statute to determine whether Abdi has standing to bring this § 1983 claim. Robertson v. Wegmann, 436 U.S. 584, 589–90 (1978) (survivorship statutes provide "the principal reference point in determining survival of civil rights actions" because § 1983 actions are most similar to personal injury claims).

Minnesota's survivorship statute, Minnesota Statute § 573.01, provides that "[a] cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02." Section 573.02, subdivision 1, provides that "when death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission." The trustee in

a wrongful death action may recover "the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin." Minn. Stat. § 573.02, subdiv. 1. Under Minnesota's survivorship statute, a deceased party's next of kin cannot recover for harm suffered by the deceased. Shumway v. Nelson, 107 N.W.2d 531, 533 (Minn. 1961) ("This statute creates an entirely new cause of action for the purpose of compensating the next of kin who have suffered pecuniary loss by reason of the death of the decedent.").

Abdi is not a trustee pursuant to Minnesota Statute § 573.02, subdivision 3, and he cannot, and does not seek to, recover under Minnesota Statute § 573.02. Instead, Abdi was appointed SA pursuant to Minnesota Statute § 524.3-703(b)—a provision of the Minnesota Uniform Probate Code that grants a person appointed SA the power to administer an estate. Abdi argues that only an SA has standing to bring a § 1983 claim because a trustee appointed pursuant to § 573.02 may recover damages only on behalf of a decedent's next of kin—not the decedent himself—while an SA is not so limited.[3] However, damages are an inquiry distinct from standing, and a limitation on the type of damages a party may receive in a state law action does not limit who may have standing to bring a § 1983 claim or the damages available under § 1983. See Andrews, 253 F.3d at 1056–64 (addressing the appropriate measure of damages in a § 1983 action separately from standing and declining to allow "the measure of damages in [the federal] suit to be entirely defined by the language of the Missouri wrongful death statute").

---

[3]Though Abdi argues that only an SA, not a wrongful death trustee, has standing to pursue a § 1983 claim, we have repeatedly allowed § 573.02 wrongful death trustees to pursue § 1983 claims. See, e.g., Smith v. City of Minneapolis, 754 F.3d 541, 543–44 (8th Cir. 2014); (allowing § 573.02 trustee to bring state law and § 1983 claims without discussing standing); Molina-Gomes v. Welinski, 676 F.3d 1149, 1152 (8th Cir. 2012) (same).

The wrongful death statute—not the probate statute—governs § 1983 standing. See Robertson, 436 U.S. at 589. Regardless of any damages limitation that may apply were the party to pursue a state law claim under § 573.02, only a person who has standing to bring a claim under § 573.02 has standing to bring a § 1983 action in these circumstances. See 42 U.S.C. § 1988(a). Because Abdi is not a wrongful death trustee under § 573.02, the district court did not err in concluding that Abdi does not have standing to pursue a § 1983 claim on behalf of Guled.

Abdi next argues that we should not apply Minnesota's statutory scheme to determine whether he has standing because it is inconsistent with federal law. Section 1988 of Title 42 of the United States Code mandates that we apply Minnesota law to determine whether Abdi has standing to pursue this § 1983 claim as long as Minnesota law "is not inconsistent with the Constitution or federal law." Andrews, 253 F.3d at 1056. "In resolving questions of inconsistency between state and federal law raised under § 1988, courts must look not only at particular federal statutes and constitutional provisions, but also at the policies expressed in [them]." Robertson, 436 U.S. at 590 (alteration in original) (internal quotation omitted). "The policies underlying § 1983 include compensation of persons injured by the deprivation of federal rights and prevention of abuses of power by those acting under color of state law." Id. at 590–91. In assessing whether Minnesota's survivorship statute is consistent with federal law and the Constitution, we focus not on the specific case at hand, but rather on the statutory scheme as a whole. Id. at 593.

Minnesota law does not inherently conflict with federal law or the policies underlying § 1983. Abdi had an opportunity to obtain compensation resulting from Guled's death: He was able to obtain trustee status, though it was later revoked. Had Abdi obtained the consent of Guled's brother, Abdi could have secured trustee status again. See Minn. Gen. R. of Practice 144.02 (requiring hearing with notice given to next of kin before granting a petition for appointment of trustee in a wrongful death action unless it is "waived by the next of kin" or the court otherwise determines a

-6-

hearing is not required). As a trustee, Abdi would have standing to pursue a § 1983 claim. Therefore, even though Abdi failed to obtain standing to pursue a § 1983 claim in this case, such standing is generally available under Minnesota's statutory scheme, and "nothing in [§ 1983] or its underlying policies . . . indicate[s] that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship." Robertson, 436 U.S. at 590. Minnesota's statutory scheme generally provides the opportunity for a trustee to pursue a § 1983 claim, and therefore cannot be said to be inconsistent with § 1983's purpose of compensating injured parties or preventing abuses of power. See Crocker v. City of Minneapolis, No. Civ. 4-85-923, 1986 WL 266, at *2 (D. Minn. July 3, 1986) (holding that Minnesota's "survival law thwarts neither the function of deterring future civil rights violators nor that of compensating those whose rights have been violated. The Minnesota statute is not inconsistent with federal civil rights laws" (citing Parkerson v. Carrouth, 782 F.2d 1449, 1453 (8th Cir. 1986))).

Finally, Abdi argues that dismissal of his claim for lack of standing violates the full faith and credit clause. Abdi failed to raise this argument before the district court, and we therefore decline to consider it on appeal. See, e.g., Hartman v. Workman, 476 F.3d 633, 635 (8th Cir. 2007) ("Ordinarily we will not consider an argument raised for the first time on appeal."). Similarly, we need not reach the parties' arguments regarding the merits of any request for qualified immunity.

### III. Conclusion

For the foregoing reasons, we affirm.

_____